[No. C048615. Third Dist. Sept. 22, 2006.]

THE PEOPLE, Plaintiff and Respondent, v.
LENNY ROSS MAESTAS, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part II.

248

COUNSEL

Athena Shudde, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Mary Jo Graves, Assistant Attorney General, Julie A. Hokans and Robert Gezi, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**NICHOLSON, J.**—A jury convicted defendant Lenny Ross Maestas of manufacturing methamphetamine and being a felon in possession of a firearm. The trial court sentenced defendant to state prison pursuant to the "Three Strikes" law. The court based its application of the Three Strikes law on defendant's two 1992 second degree burglary convictions. Looking beyond the fact of the convictions to the preliminary hearing transcripts from the prior proceedings, the trial court determined the second degree burglary convictions were based on conduct that qualified as serious felonies.

On appeal, defendant asserts the trial court erred in holding that the two prior second degree burglaries were serious felonies for sentencing purposes in this case. We conclude there was insufficient evidence to support the trial court's determination that the second degree burglaries were serious felonies. Accordingly, we affirm the convictions but vacate the sentence and remand for resentencing.

## DISCUSSION

### I

### *Prior Convictions*

Defendant claims the trial court improperly looked beyond the judgment of conviction and found his prior 1992 second degree burglary convictions to be serious felonies. In the alternative, defendant argues that if the second degree burglary convictions can be serious felonies, then a jury, and not the court, should have made the finding. Since we conclude there was insufficient evidence for the trial court to find that the 1992 second degree burglaries were serious felonies for the purpose of Three Strikes sentencing, we do not reach the jury trial issue.

### A. *Background*

Defendant has two prior second degree burglary convictions, both of which occurred in 1992. In that proceeding, defendant was charged with two first degree burglaries. At a preliminary hearing, the prosecution presented evidence that defendant burgled a fifth-wheel trailer. After argument concerning whether the trailer was a dwelling, an element of first degree burglary, the court held defendant to answer on the first degree burglary counts. The prosecution filed an information charging defendant with two counts of first degree burglary, to which defendant pled not guilty. Later, the prosecution amended the information to add two second degree burglary counts. Pursuant to a plea bargain, the court dismissed the first degree burglary counts and defendant pled guilty to the two second degree burglary counts.

The prosecution in the current proceedings asked the trial court to go beyond the fact of conviction for each prior and to find that the conduct was first degree burglary. To this end, the prosecution tendered the preliminary hearing transcript from defendant's previous trial as evidence of the nature of the prior crimes. The trial court considered the preliminary hearing transcript and found that the crimes defendant committed in 1992 were burglaries of a residence and, therefore, were serious felonies as defined by Penal Code section 1192.7, subdivision (c)(18), as "burglar[ies] of the first degree."

### B. *Burglary as a Serious Felony*

The definition of burglary (1) as a serious felony, which now has Three Strikes sentencing ramifications, and (2) as a crime separated into degrees, first and second, has a comparable but not identical history. A review of the evolving definitions will assist in resolving defendant's contention.

The California electorate passed Proposition 8 in 1982. It provided for sentence enhancements for offenders who had previously committed "serious felonies." Most of the serious felonies were crimes enumerated in other Penal Code sections. However, Penal Code former section 1192.7, subdivision (c)(18) described as a serious felony any "burglary of a residence."[1] The Supreme Court observed that "burglary of a residence" did not correspond to the elements of any specific crime. (*People v. Cruz* (1996) 13 Cal.4th 764, 772 [55 Cal.Rptr.2d 117, 919 P.2d 731].) At the time the electorate passed Proposition 8, section 460, which defined first degree burglary, included, as an element, the commission of the crime at night, which was not an element necessary to a finding that the burglary was a serious felony. (*Cruz,* at p. 770; *People v. Garrett* (2001) 92 Cal.App.4th 1417, 1423 [112 Cal.Rptr.2d 643]; Stats. 1978, ch. 579, § 23, p. 1985.)

Later in 1982, the Legislature eliminated the nighttime element from section 460's definition of a first degree burglary. When a defendant challenged the designation of his prior daytime burglary of a residence as a serious felony, the Supreme Court upheld the designation, noting that the electorate had deemed certain conduct, not a specific code-defined crime, as a serious felony when it included residential burglary among the serious felonies. (*People v. Cruz, supra,* 13 Cal.4th at p. 773; *People v. Garrett, supra,* 92 Cal.App.4th at p. 1423; Stats. 1982, ch. 1290, § 1, p. 4774.)

Since the definitions of burglary as a crime and burglary as a prior serious felony were not coextensive, the mere fact that a defendant had been convicted of burglary did not resolve the question whether the prior conviction was for a serious felony. The Supreme Court determined that, to resolve this ambiguity, the trier of fact could look beyond the fact of the prior burglary conviction to the entire record of the conviction to determine whether the prior conviction was for a serious felony, in other words, whether it was a residential burglary. (*People v. Guerrero* (1988) 44 Cal.3d 343, 354–355 [243 Cal.Rptr. 688, 748 P.2d 1150] (*Guerrero*).) "Such a rule is both fair and reasonable," declared the court. "To allow the trier of fact to look at the entire record of the conviction is certainly reasonable: it promotes the efficient administration of justice and, specifically, furthers the evident intent of the people in establishing an enhancement for 'burglary of a residence'—a term that refers to *conduct,* not a specific *crime.* To allow the trier to look to the record of the conviction—*but no further*—is also fair: it effectively bars the prosecution from relitigating the circumstances of a crime committed years ago and thereby threatening the defendant with harm akin to double jeopardy and denial of speedy trial." (*Id.* at p. 355, original italics.)

---

[1] All undesignated references to sections are to the Penal Code.

Between 1982 and 2000, the Legislature amended both section 460, with its definition of first degree burglary, and section 1192.7, subdivision (c)(18), listing residential burglary as a serious felony. We need not explain those amendments, however, because they are not relevant to defendant's contentions.

In 2000, the California electorate again dealt with the list of serious felonies by passing Proposition 21. Instead of continuing to treat "burglary of a residence" as a serious felony, the voters listed "any burglary of the first degree." (*People v. Garrett, supra*, 92 Cal.App.4th at pp. 1425–1426, 1429.) The definition of the crime became coextensive with the definition of the serious felony because the serious felony was defined as the crime—first degree burglary.

■ In 1992, when defendant committed his prior burglaries, section 460 defined first degree burglary as "every" residential burglary and second degree burglary as "all other kinds of burglary."[2] The wording has not changed since then. Because "every" residential burglary is first degree burglary and any "other" burglary is second degree burglary, the essential difference between the two crimes lies in whether the burgled structure is a residence.

This is not a case in which looking beyond the fact of the conviction resolves an ambiguity as to whether the prior conviction was for a serious felony. If defendant committed second degree (nonresidential) burglary, he did not commit first degree (residential) burglary.[3] In finding that the structure defendant burgled in 1992 was a residence, the trial court essentially concluded defendant did not commit second degree burglary; second degree burglary is any burglary *other than* of a residence. As a result, the trial court's finding was neither fair nor reasonable. (See *Guerrero, supra*, 44 Cal.3d at p. 355 [justifying looking beyond fact of conviction because fair and reasonable].)

■ In *Guerrero*, it was fair and reasonable for the trial court to look beyond the fact of the conviction because, although the defendant was

---

[2] This summary description leaves out some of the details of the burglary statute, but is accurate for the purpose of this discussion. In 1992, section 460, subdivision (a) defined first degree burglary as "[e]very burglary of an inhabited dwelling house, vessel, as defined in the Harbors and Navigation Code, which is inhabited and designed for habitation, floating home, as defined in subdivision (d) of Section 18075.55 of the Health and Safety Code, or trailer coach, as defined by the Vehicle Code, or the inhabited portion of any other building . . ." while subdivision (b) defined second degree burglary as "[a]ll other kinds of burglary . . . ." (Stats. 1991, ch. 942, § 15, p. 4290.)

[3] Again, the description of first degree burglary as "residential" and second degree burglary as "nonresidential" is a generalization. It is accurate and adequate, however, for the purpose of this analysis.

charged with residential burglary and pled guilty or nolo contendere to that charge, the residential or nonresidential nature of the structure burgled was not an element of the crime of which the defendant was convicted. Therefore, looking solely at the conviction, it was not evident whether the defendant had a prior serious felony—burglary of a residence. (*Guerrero, supra,* 44 Cal.3d at pp. 345–346.) Finding that the structure was a residence did not contradict the conviction; it merely resolved the ambiguity arising from the fact of the conviction. Here, on the other hand, defendant was charged with first degree burglary, but those counts were dismissed. Instead, he pled guilty to second degree burglary. The plea agreement meant that defendant did not admit that he burgled a residence, and the People abandoned their effort to prove it was a residence. In effect, the plea agreement established that the structure was not a residence. The trial court's finding that defendant committed prior first degree burglaries contradicted his convictions of second degree burglary. The court may look beyond the fact of the conviction but not beyond logic and reason.

■ "Section 1192.7, subdivision (c), lists some felonies that are per se serious felonies, such as murder, mayhem, rape, arson, robbery, kidnapping, and carjacking. If a defendant's prior conviction falls into this group, and the elements of the offense have not changed since the time of that conviction, then the question whether that conviction qualifies as a serious felony is entirely legal." (*People v. Kelii* (1999) 21 Cal.4th 452, 456 [87 Cal.Rptr.2d 674, 981 P.2d 518].) When section 1192.7, subdivision (c)(18), was amended in 2000 to read "any burglary of the first degree," the voters determined that a second degree burglary conviction is insufficient, as a matter of law, to support a serious felony finding.

The Attorney General asserts we should follow the reasoning of the court in *People v. Gomez* (1994) 24 Cal.App.4th 22 [29 Cal.Rptr.2d 94] (*Gomez*), and sustain the serious felony findings. We disagree.

In *Gomez*, the defendant had prior convictions for attempted second degree burglary which he committed when the definition of second degree burglary included as an element that the structure was nonresidential. The trial court went beyond the fact of the convictions and found that the attempted burglaries were of a residence, and the Court of Appeal affirmed. (*Gomez, supra,* 24 Cal.App.4th at pp. 30–32.) The main difference between *Gomez* and this case is that the serious felony statute applicable to *Gomez* defined a serious felony burglary as "burglary of an inhabited structure," not as "burglary of the first degree." Quoting language from *Guerrero,* the *Gomez* court reasoned: "*Guerrero* said its rule allowing examination of the entire record of the prior conviction 'furthers the evident intent of the people in establishing an enhancement for "burglary of a residence"—a term that refers

to *conduct*, not a specific *crime*.' ([*Guerrero, supra,*] 44 Cal.3d 343, 355, italics in original.) Thus, it is clear the focus of the People in adopting the section was the conduct of the defendant, not the specific criminal conviction." (*Gomez, supra,* 24 Cal.App.4th at p. 31.)

■ On this point, *Gomez* is distinguishable. As of 2000, the electorate revised the reference in the list of serious felonies from the *conduct* of burglary of a residence to the *crime* of first degree burglary. Thus, for a burglary committed after this statutory revision, a trial court is not justified in looking beyond the fact of a second degree conviction to determine whether a burglary was of a residence. Furthermore, the *Gomez* court failed to deal with the question of whether a finding that the defendant had committed attempted burglary of a residence was inconsistent with the conviction for attempted second degree (nonresidential) burglary. Although the *Gomez* court was able to connect the dots (looking beyond the conviction to evidence of attempted residential burglary), it failed to notice the flaw in the picture thereby created (the contradiction between the actual prior conviction and the serious felony finding).

The Attorney General also contends the holding in *People v. Blackburn* (1999) 72 Cal.App.4th 1520 [86 Cal.Rptr.2d 134] supports the trial court's serious felony finding in this case. The defendant in *Blackburn* shot and killed two teenage boys and was sentenced under the Three Strikes law based upon his prior conviction for the discharge of a gun at an occupied vehicle, which is a serious felony if the defendant personally used a firearm in committing the crime, as opposed to being simply an aider and abettor of the shooter. (*Id.* at pp. 1524, 1525.) When the defendant pled guilty to that crime as part of a plea bargain, the trial court struck the allegation the defendant personally used a firearm. (*Id.* at p. 1525.) Nevertheless, the Court of Appeal upheld a later finding that the crime was a serious felony. Based on the record of the plea agreement, the court concluded, "[W]e cannot say the prosecution conceded there was insufficient evidence of personal firearm use." (*Id.* at p. 1527.)

■ Because *Blackburn* is distinguishable, we need not consider whether it was decided correctly. Under the circumstances of this case, the plea agreement that defendant was guilty only of second degree burglary necessarily was a concession that the trailer was not an inhabited dwelling.

Accordingly, we conclude there was insufficient evidence to support the trial court's finding that defendant's prior second degree burglary convictions were for first degree burglary as a matter of law. Because the sentence the court imposed was based on two prior serious felonies, we must vacate the sentence and remand for resentencing.

II*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The convictions are affirmed. The sentence is vacated and the cause remanded for resentencing.

Scotland, P. J., and Butz, J., concurred.

Petitions for a rehearing were denied October 23, 2006, and the nonpublished portion of the opinion was modified.

---

*See footnote, *ante*, page 247.