Filed 8/10/16  P. v. Paez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063515 |
| v. | (Super.Ct.No. RIF1204141) |
| RICARDO PAEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge. Reversed with directions.

Stephen M. Hinkle, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Daniel Hilton, Deputy Attorneys General, for Plaintiff and Respondent.

INTRODUCTION

Defendant Ricardo Paez appeals from the trial court's denial of his petition under Proposition 47 and Penal Code[1] section 1170.18 to reduce his felony conviction of petty theft with a prior (§§ 484, subd. (a), 666, subd. (a)) to misdemeanor petty theft (§ 490.2). Defendant contends that his conviction of petty theft with a prior, a crime that is now a misdemeanor as a matter of law, satisfies his burden to establish that the value of the property stolen was $950 or less because that fact was conclusively adjudicated by the conviction itself. We agree, and we reverse.

FACTS AND PROCEDURAL BACKGROUND

On September 28, 2012, defendant entered a plea of guilty to first degree burglary (§ 459; count 1), receiving stolen property (§ 496, subd. (a); count 2), and petty theft with a prior (§§ 484, subd. (a), 666, subd. (a); count 3). Defendant admitted two strike priors (§§ 667, subds. (c), (e)(2)(A), 1170.12, subd. (c)(2)(A)), and two serious felony priors (§ 667, subd. (a)). The amended complaint alleged that the property involved included computers, cameras, and a cell phone. As the factual basis for the plea, defendant "agree[d] that [he] did the things that are stated in the charges that [he was] admitting" and that "on July 23rd, 2012, . . . [he] entered a person's residence and stole a bunch of stuff." The trial court struck one strike prior and sentenced defendant to a total term of 14 years in state prison.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

On December 23, 2014, defendant filed a petition in the superior court to reduce all three convictions to misdemeanors under section 1170.18, subdivision (a). On the petition form, defendant checked the box next to the statement that he "believes the value of the check or property does not exceed $950." The People filed an opposition to the petition, contending that first degree burglary was not a qualifying felony, and the value of the property taken was $2,600. The trial court denied the petition in its entirety, finding "459 PC 1st non-qualifying felony" and "484(a) & 496(a) PC—loss over $950—Defendant stole 2 laptops—cell phone and camera."

Defendant filed a motion for reconsideration as to his petty theft with a prior conviction (count 3). At the hearing on the motion, the trial court agreed with defense counsel that a police report, submitted by the People indicating the value of the stolen property, was inadmissible hearsay. The court then placed the burden of proof on defendant to establish that the value of the property taken was less than $950. The trial court denied the motion.[2] Defendant filed a timely notice of appeal.

DISCUSSION

*Background Regarding Proposition 47*

On November 4, 2014, voters approved Proposition 47, the Safe Neighborhoods and Schools Act, which went into effect the next day. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) Proposition 47 reduced certain drug possession and theft-related crimes from felonies or wobblers to misdemeanors for qualified defendants and

---

[2] On appeal, defendant does not challenge the trial court's rulings as to his convictions for burglary (§ 459) and possession of stolen property (§ 496, subd. (a)).

3

added, among other statutory provisions, section 1170.18. Section 1170.18 created a process through which persons previously convicted of crimes as felonies, which would be misdemeanors under the new definitions in Proposition 47, may petition for resentencing. (See generally *People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108-1109; *People v. Diaz* (2015) 238 Cal.App.4th 1323, 1327-1328.)

Section 1170.18, subdivision (a), states: "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] had [Proposition 47] been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by [Proposition 47]." Proposition 47 renders petty theft with a prior a misdemeanor (with exceptions not relevant in the present case), when the value of the property taken does not exceed $950. (§§ 1170.18, subd. (a), 490.2, 666, subd. (a).)

*Analysis*

Defendant contends that his plea of guilty to petty theft with a prior conclusively adjudicated that the value of the property stolen was $950 or less, and he therefore met his burden of establishing entitlement to reclassification of his conviction under Proposition 47 and section 1170.18. (See *People v. Perkins* (2016) 244 Cal.App.4th 129, 136; *People v. Sherow* (2015) 239 Cal.App.4th 875, 878.)

Defendant relies on *People v. Maestas* (2006) 143 Cal.App.4th 247, in which the court held that when the defendant had entered a plea of guilty to second degree burglary in a prior case, in which the People had dismissed charges of first degree burglary, the conviction could not be used as a prior strike. The court explained that the plea agreement meant that the defendant did not admit burglary of a residence, and the People had abandoned their attempt to prove that it had been residential burglary. (*Id.* at p. 253.) The court further explained: "In finding that the structure defendant burgled in 1992 was a residence, the trial court essentially concluded defendant did not commit second degree burglary; second degree burglary is any burglary *other than* of a residence. As a result, the trial court's finding was neither fair nor reasonable. [Citation.]" (*Id.* at p. 252.)

Here, under the current statutory definitions, defendant's petty theft with a prior conviction would have constituted a misdemeanor had it been prosecuted after the passage of Proposition 47.[3] Defendant's plea to petty theft with a prior constituted an admission that he took property valued at $950 or less, and the People then abandoned any effort to prove that the property was worth more than $950. In other words, the conviction adjudicated the value of the property taken.

The People attempt to distinguish *Maestas* on the ground that in that case, the People attempted to reexamine the facts underlying the prior conviction to increase the

---

[3] "Theft is divided into two degrees, the first of which is termed grand theft; the second, petty theft." (§ 486.) "Grand theft is theft committed in any of the following cases: [¶] (a) When the money, labor, or real or personal property taken is of a value exceeding nine hundred fifty dollars ($950) [with exceptions not here relevant]." (§ 487, subd. (a).) "Theft in other cases is petty theft." (§ 488.)

5

defendant's punishment; whereas in the present case, defendant seeks to decrease his punishment due to a change in the law. However, as in *Maestas,* to accept the People's argument would be to determine that defendant committed a crime other than that to which he pleaded guilty. (See §§ 486-488.) We conclude that as a matter of law, the trial court may not now consider the conviction a grand theft. (See *Maestas*, *supra*, 143 Cal.App.4th at pp. 252-253.) The conviction itself establishes the value of the property taken, and defendant therefore met his burden. We will reverse the trial court's denial of defendant's petition for reclassification of his conviction of petty theft with a prior.

Although we conclude defendant's conviction met the threshold qualification for relief under Proposition 47 and section 1170.18, the trial court must further determine on remand whether defendant is otherwise eligible for relief, including the determination of whether resentencing defendant would pose an unreasonable risk of danger to public safety. (§ 1170.18, subd. (b).)

DISPOSITION

The order denying defendant's petition for reclassification of his conviction of petty theft with a prior is reversed, and the matter is remanded for further proceedings.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:

RAMIREZ
P. J.

MILLER
J.

6