Filed 9/25/24  P. v. Gutierrez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F087170 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. DF009589A) |
| SALVADOR FERNANDO GUTIERREZ, | **OPINION** |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from an order of the Superior Court of Kern County.  Elizabet Rodriguez, Judge.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Hill, P. J., Detjen, J. and Snauffer, J.

# **INTRODUCTION**

In 2010, appellant and defendant Salvador Fernando Gutierrez (appellant) was convicted of attempted murder and other offenses with firearm enhancements, one prior strike conviction, and two prior prison term enhancements. He was sentenced to the second strike determinate term of 26 years eight months, plus a consecutive indeterminate term of 25 years to life.

In 2023, the trial court recalled appellant's sentence to dismiss the now-invalid prior prison term enhancements pursuant to Penal Code[1] section 1172.75, and conducted a full resentencing hearing. The court granted appellant's motion to dismiss one of the firearm enhancements, but denied his motions to dismiss the prior strike conviction, to dismiss or reduce the second firearm enhancement, or impose midterms. The court resentenced appellant to 21 years eight months plus 25 years to life.

On appeal from the court's resentencing order, appellate counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216, which summarized the facts and procedural history with citations to the record, raised no issues, and asked this court to independently review the record. Appellant filed a letter brief and argued the trial court failed to conduct a full resentencing hearing, failed to understand the scope of its discretion to resentence him, and the matter should be remanded for the court to impose a lesser sentence. We affirm.

# **FACTS**[2]

"On October 29, 2009, police received a report of a shooting at 2210 San Felice Way in Delano, the home of Brenda Cadiz and her husband Melecio Cadiz. Brenda's

---

[1]    All further statutory citations are to the Penal Code.

[2]    After notice to the parties, and without objection, this court takes judicial notice of the records before this court in appellant's direct appeal, *People v. Gutierrez* (Jan. 8, 2013, F062544) [nonpub. opn.] (*Gutierrez I*), from which the following facts are taken.

2.

brother, Joejo Raquinio, lived with her. Officers found Brenda lying in a neighboring driveway with one gunshot wound to the head and three to the left arm. She and Raquinio told the officers that a man had come to the house saying he was seeking a job with Melecio. When he was told there were no jobs, he forced his way into the house, produced a gun, and shot Brenda repeatedly.…" (*Gutierrez I*, *supra*, F062544, at p. 2.)

The man rushed toward Raquinio, they struggled, and the man pointed the gun at Raquinio's head. The man fired three shots at Raquinio and the shots missed him. When the man ran out of bullets, he hit Raquinio in the head with the gun. Raquinio hit the man over the head with a vase. The man fled on foot. He had once worked for the family. Raquinio and Brenda knew him as Fernando.

"Following a trail of drops of blood, the officers tracked [appellant] to 2222 Ruffion Court, a block away, where they found him hiding in a shed, bleeding, in the back yard. With him in the shed were some pieces of jewelry and a glass smoking pipe. Brenda and her daughter, Kaelah Cadiz, identified [appellant] as the man who had been at the house.

"The officers took a set of car keys from [appellant]. They found his car, which was parked a short distance from Brenda's house, and searched it pursuant to a warrant. Inside was a gym bag containing 100 to 150 pieces of jewelry and some baseball memorabilia. Some of the jewelry and the baseball memorabilia had been reported stolen from a home in Visalia. On the roof of the house at 2214 Ruffion Court, two houses south of the shed where [appellant] was hiding, the officers found a .32-caliber revolver with four spent shell casings in the cylinder. [¶] … [¶]

"[Appellant] testified at trial, contradicting the account given by the victims. In his version, he was a methamphetamine dealer and Melecio Cadiz was his supplier. In the past, Melecio had accepted payment for methamphetamine in the form of jewelry and electronic devices. Sometimes Brenda chose the pieces.

3.

"[Appellant] came to the Cadizes' house on October 29, 2009, to show Brenda jewelry. They sat in her car and smoked some methamphetamine, and then went in the house to look at the jewelry. [Appellant] set out some pieces on a coffee table in the living room while Brenda talked on the phone in the kitchen. Raquinio came into the living room and looked at the jewelry. He offered [appellant] $250 for some rings, including a Kansas City Royals American League Championship ring, but [appellant] wanted $500. Raquinio became angry and pulled out a pistol.

"[Appellant] gathered up the jewelry and tried to leave, but Brenda shut the door as Raquinio hit [appellant] on the head with a vase. [Appellant] fell and Raquinio pointed the gun at him. [Appellant] tried to take the gun from Raquinio and, as they struggled, the gun went off twice and Brenda was shot. Then [appellant] passed out. When he regained consciousness, Brenda and Raquinio had left the room.

"[Appellant] tried to flee through the back door but encountered Raquinio, who still had the gun, in the laundry room. [Appellant] tried to take the gun again, succeeding this time. The gun went off two more times as the two men fought. Raquinio continued to struggle, so [appellant] hit him on the head with the gun in self-defense. [Appellant] then fled the house. He threw the gun away because he feared the police would shoot him if they saw him with it. In the street, people looked at him in a way he felt was accusatory. He hid in the shed because he was afraid. Then he lost consciousness again. He was in possession of the property stolen from Visalia because someone gave it to him to pay for methamphetamine." (*Gutierrez I*, *supra*, at pp. 3−4.)

## PROCEDURAL BACKGROUND

In 2010, appellant was convicted after a jury trial of count 1, attempted murder of Brenda (§§ 187, 664) with an enhancement for personally and intentionally discharging a firearm causing death or great bodily injury (§ 12022.53, subd. (d)); count 3, first degree burglary (§ 460, subd. (a)); count 4, felon in possession of a firearm (former § 12021, subd. (a)(1)); count 5, receiving stolen property (§ 496, subd. (a)); and count 6, assault of

4.

Raquinio with a firearm (§ 245, subd. (a)(2)) with an enhancement for personal use of a firearm (§ 12022.5, subd. (a)).  The court found he had one prior strike conviction and two prior prison term enhancements (§ 667.5, subd. (b)).[3]

**Sentencing**

On May 20, 2011, the trial court sentenced appellant to an aggregate determinate term of 26 years eight months plus 25 years to life as follows:  count 1, attempted murder, the upper term of nine years, doubled to 18 years as the second strike term, plus two years for the two prior prison term enhancements, and 25 years to life for the section 12022.53, subdivision (d) firearm enhancement; count 5, receiving stolen property, a consecutive term of eight months (one-third the midterm), doubled to one year four months; and count 6, assault with a firearm, a consecutive term of one year (one-third the midterm), doubled to two years, plus three years four months (one-third the midterm) for the section 12022.5, subdivision (a) firearm enhancement.  The court imposed a concurrent sentence for count 3, and stayed the term imposed for count 4 pursuant to section 654.  (*Gutierrez I*, *supra*, F062544, at pp. 5−6.)

**Direct Appeal**

On January 8, 2013, this court filed the nonpublished opinion in appellant's direct appeal.  We reversed the sentence for count 3, burglary, and remanded for resentencing on that count, ordered correction of errors in the abstract of judgment for the sentences imposed for counts 5 and 6, and affirmed the judgment as modified.  (*Gutierrez I*, *supra*, F062544, at p. 11.)

On July 22, 2013, the trial court corrected appellant's sentence and stayed the term for count 3, corrected the abstract of judgment as to counts 5 and 6, and again sentenced appellant to the aggregate term of 26 years eight months plus 25 years to life.

---

[3]    Appellant was also charged with count 2, assault of Brenda with a firearm (§ 245, subd. (a)(2)).  The jury did not return a verdict on this count since it was a lesser offense of count 1.  (*Gutierrez I*, *supra*, F062544, at p. 4.)

# THE CURRENT PETITION

In 2023, the trial court started proceedings to recall and resentence appellant on the two prior prison term enhancements pursuant to section 1172.75.

On September 27, 2023, appellant filed a motion to dismiss the two prior prison term enhancements because they were now invalid under section 1172.75. Appellant also moved for the trial court to fully resentence him on all aspects of his sentence based on recent amendments to sentencing provisions, and to dismiss the prior strike conviction, dismiss or reduce the firearm enhancements, and impose midterms. Appellant argued a lesser sentence should be imposed based on his positive conduct in prison, supported by documentary evidence. The People did not file a written opposition.

## The Resentencing Hearing

On November 9, 2023, the trial court held the hearing to recall appellant's sentence.

Appellant's attorney stated the underlying offenses were very serious and shocking, but appellant's behavior and use of a weapon were inconsistent with his prior offenses. Counsel stated appellant had changed his life, his conduct in prison had been exemplary, he was now housed in an "honor dorm," he took classes to learn about and improve his behavior, and received positive evaluations, as shown by the supporting documents.

The prosecutor opposed further reducing appellant's sentence, and argued he had a prior burglary conviction just four years before the current convictions, and the prior offense was similar to the convictions in this case. The prosecutor argued appellant's criminal record showed an escalating pattern of conduct that culminated in the attempted murder and burglary. The prosecutor introduced, without objection, the certified "RAP sheet" of appellant's prior convictions.

### *The Trial Court's Sentencing Order*

The trial court stated it had reviewed appellant's motion and supporting exhibits about his rehabilitation efforts and good conduct in prison. The court dismissed the two prior prison term enhancements and the sentences imposed for them.

The trial court acknowledged that the sentencing laws had been amended, and it could not impose an upper term unless aggregating circumstances had been pleaded and proved or appellant admitted them, neither of which occurred. However, the court stated it could rely on appellant's certified "RAP sheet" of his prior convictions, which had been introduced into evidence.

The trial court denied appellant's request to dismiss the prior strike conviction pursuant to section 1385 and *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, "based upon the fact[s] of this case, [appellant's] criminal history as outlined in the original probation report, and now the certified RAP sheet. [¶] [Appellant's] criminal history spanned in a range of about five years, with a conviction almost every year in that period." He was convicted of burglary in 2007, and committed the current offenses in 2009.

The court reviewed the facts of the instant offenses:

> "[Appellant] forced his way into the victim's home and shot her multiple times after she told him that she did not have any work for him. Apparently [appellant] went, knocked on her door, asked if she had any work for him, she said no, [appellant] got angry, pushed his way in and started shooting her.

> "That first victim was able to run and ask for help despite the fact that she had been shot and injured.

> "And then [appellant] chose to continue on his rampage. Instead of stopping, he then went and shot the second victim, who was asleep in his room, who heard the screaming, came out, saw that … the first victim was bleeding, and then [appellant] turned his gun onto the second victim.

Thankfully, the second victim wasn't injured. [Appellant] missed despite shooting at the victim multiple times.

"And for these reasons, the Court will also be imposing the upper term[s].

"The Court will, however, exercise its discretion under [section] 1385[, subdivision] (c)(2)([B]) to strike multiple enhancements based on [appellant's] extensive rehabilitation efforts. [The] Court will strike the [section] 12022.5[, subdivision] (a) … [personal use enhancement] as to Count 6.

"The Court will not exercise its discretion to reduce the [section] 12022.53[, subdivision] (d) [personal discharge enhancement] as alleged in Count 1 due to the facts of this case, which I just previously outlined. The Court finds that to do so would endanger public safety as [appellant] shot not only one person, but two."[4]

The trial court resentenced appellant to the second strike aggregate determinate term of 21 years four months plus 25 years to life as follows: the upper term of 18 years for count 1, plus 25 years to life for the personal discharge enhancement; a consecutive term of one year four months (one-third the midterm) for count 5; a consecutive term of two years (one-third the midterm) for count 6; and stayed the terms for counts 3 and 4.

After the trial court pronounced the sentence, appellant's attorney stated that the second victim was not hit by any bullets.

"THE COURT: That's right. And I mentioned that.

"[APPELLANT'S COUNSEL]: I want to make sure.

"THE COURT: Despite [appellant] shooting at him several times, I said thankfully that second person was not injured."

Appellant addressed the trial court and stated he had done everything to improve and rehabilitate himself in prison, and asked about the reduction of his sentence. The court stated it dismissed the firearm enhancement imposed for count 6, "when you shot at

---

**4**　As will be shown below, the court corrected its misstatement that the second victim had been shot.

[that] man," but it did not dismiss the personal discharge firearm enhancement for count 1, attempted murder, when he "actually shot the lady."

## DISCUSSION

### I.  The Prior Prison Term Enhancement

We begin with the trial court's statutory authority to recall and resentence appellant.  "Prior to January 1, 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years.  [Citation.]  Effective January 1, 2020, Senate Bill No. 136 (2019−2020 Reg. Sess.) (Senate Bill 136) [citation] amended section 667.5 by limiting the prior prison term enhancement to only prior terms for sexually violent offenses.  [Citations.]  Enhancements based on prior prison terms served for other offenses became legally invalid.  [Citation.]  The amendment was to be applied retroactively to all cases not yet final on January 1, 2020."  (*People v. Burgess* (2022) 86 Cal.App.5th 375, 379−380 (*Burgess*).)

"Later, in 2021, the Legislature enacted Senate Bill No. 483 (2021–2022 Reg. Sess.) ….  This bill sought to make the changes implemented by Senate Bill 136 retroactive.  [Citation.]  It took effect on January 1, 2022, and added former section 1171.1, now section 1172.75 …."  (*Burgess*, *supra*, 86 Cal.App.5th at p. 380.)

Section 1172.75 establishes a mechanism to provide affected defendants a remedy for those legally invalid enhancements.  (*People v. Cota* (2023) 97 Cal.App.5th 318, 330−331.)  If the trial court determines the current judgment includes a now-invalid sentencing enhancement, the court shall recall and resentence the defendant.  (*Burgess*, *supra*, 86 Cal.App.5th at p. 380.)

### II.  The Court's Discretion to Resentence Under Section 1172.75

In this case, the trial court recalled appellant's sentence and conducted the resentencing hearing to dismiss the now-invalid prior prison term enhancements.  In

doing so, the court clearly recognized that it was required to conduct "a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402 (*Monroe*); §1172.75, subd. (c).)

At the resentencing hearing, section 1172.75 required the court to "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) "The court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3).)

"Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed." (§ 1172.75, subd. (d)(1).)

Section 1172.75, subdivision (d) "vests the superior court with broad discretion based on an inherently factual inquiry" in resentencing a defendant, and we review the resentencing order for an abuse of that discretion. (*People v. Garcia* (2024) 101 Cal.App.5th 848, 856−857.) "Under an abuse of discretion standard, ' "we ask whether the trial court's findings of fact are supported by substantial evidence, whether its rulings of law are correct, and whether its application of the law to the facts was neither arbitrary nor capricious." ' [Citations.] Ultimately, the superior court's risk finding will be upheld 'if it falls within "the bounds of reason, all of the circumstances being considered." ' " (*Garcia*, at p. 857.)

10.

*Analysis*

The trial court herein was well-aware that when it recalled appellant's sentence to dismiss the prior prison term enhancements, it was required to conduct a new sentencing hearing. It was also aware that it was required to exercise its discretion as to each element of his aggregate term in accordance with statutory amendments enacted after appellant's original sentencing hearing. (*Monroe*, *supra*, 85 Cal.App.5th at p. 402.)

As recounted above, the court dismissed the two prior prison term enhancements, and made extensive findings explaining why it was declining to exercise its discretion to dismiss or reduce the section 12022.53, subdivision (d) personal discharge enhancement, dismiss the prior strike conviction, and again impose upper terms. As further indicative that the court was aware of the scope of its discretion, it decided to dismiss the section 12022.5, subdivision (a) personal use firearm enhancement attached to count 6 and, combined with dismissing the prior prison term enhancements, reduced appellant's aggregate determinate term from 28 years eight months to 21 years four months, while retaining the consecutive term of 25 years to life for the personal discharge enhancement.

Based on the record and the trial court's findings, we cannot say the court abused its discretion in denying appellant's request to further reduce his aggregate sentence.

**III. Appellant's Contentions**

In his letter brief, appellant argues the matter should be remanded because the trial court failed to conduct a "full and fair" resentencing hearing and further reduce his sentence as required by section 1172.75. As explained above, the court was aware and complied with section 1172.75's requirement to conduct a full resentencing hearing and apply all applicable sentencing provisions that were subsequently enacted after appellant's original sentencing hearing. (*Monroe*, *supra*, 85 Cal.App.5th at p. 402.)

Appellant further argues his attorney erroneously failed to object when the trial court imposed the upper terms based on his prior record. !(Appellant's Letter Brief at p. 5.)! "Senate Bill [No.] 567 [(2021−2022 Reg. Sess.; Senate Bill 567)] amended

11.

section 1170, subdivision (b) to specify that, when a sentencing court chooses a term from a statutory triad, the chosen term shall not exceed the middle term, unless the facts supporting the aggravating circumstances are (1) established by the defendant's stipulation to them, (2) proven to a jury (or to a court, if jury is waived) beyond a reasonable doubt, or (3) based on evidenced by a certified record of conviction." (*People v. Jones* (2022) 79 Cal.App.5th 37, 44.) Section 1170, subdivision (b)(3) states: "Notwithstanding paragraphs (1) and (2) [of section 1170, subdivision (b)], the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." The prosecution introduced the certified record of appellant's prior convictions, and his attorney did not object. Any objection from appellant's attorney to the court's consideration of the certified record of appellant's prior convictions would have been futile. (*People v. Lucero* (2000) 23 Cal.4th 692, 732.)

Appellant asserts his prior strike conviction should have been dismissed because it resulted from a plea agreement, and it was not a serious or violent offense. At appellant's trial, the court found true the allegation in the information, that he had a prior strike conviction that occurred in Kern County Superior Court case No. DF007837A in 2007, for a violation of section 460, subdivision (a), first degree residential burglary. This offense has long been defined as a serious felony and a strike. (*People v. Maestas* (2006) 143 Cal.App.4th 247, 252; § 1192.7, subd. (c)(18); § 667, subd. (c).)

**IV. Appellant's Reliance on Other Legislative Enactments**

Also in his letter brief, appellant argues the matter must be remanded because the trial court failed to consider his rights under section 1385, Senate Bill No. 81 (2021−2022 Reg. Sess.; Senate Bill 81), Senate Bill 567, Senate Bill No. 620 (2017−2018 Reg. Sess.; Senate Bill 620), Assembly Bill No. 518 (2021−2022 Reg. Sess.; Assembly Bill 518) and Assembly Bill No. 600 (2023−2024 Reg. Sess.; Assembly Bill 600). We have already

addressed section 1385 and Senate Bill 567, and turn to appellant's reliance on other legislative enactments.

## A. Senate Bill 81

Senate Bill 81 amended section 1385, subdivision (c), effective January 1, 2022, to require a trial court to dismiss an enhancement if it is in furtherance of justice to do so, affording "great weight to evidence offered by the defendant to prove" that specified mitigating circumstances are present, unless the court finds that dismissal would endanger public safety. (§ 1385, subd. (c)(1), (2); *People v. Coleman* (2024) 98 Cal.App.5th 709, 723−724; *People v. Sek* (2022) 74 Cal.App.5th 657, 674.) These mitigating circumstances include when multiple enhancements are imposed in a single case, the current offense is connected to mental illness, prior victimization, or childhood trauma, or the defendant was a juvenile. (§ 1385, subd. (c)(B), (D), (E), (G).)

Appellant argues the trial court failed to fully consider postconviction factors as required by section 1385, consisting of his good behavior and rehabilitative efforts in prison. To the contrary, the court acknowledged it had discretion to dismiss multiple enhancements under section 1385, subdivision (c)(2)(B), and stated it was relying on appellant's evidence about his good behavior in prison as the reason it dismissed the five-year term for the section 12022.5, subdivision (a) personal use firearm enhancement.

Appellant asserts the trial court improperly denied his motion to dismiss the section 12022.53, subdivision (d) firearm enhancement because it erroneously stated he shot two people and he was a danger to public safety. "[T]he plain language of section 1385, subdivision (c)(2) contemplates that a trial court will exercise its sentencing discretion" such that "if the court does not find that dismissal would endanger public safety, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight

of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' " (*People v. Walker* (2024) 16 Cal.5th 1024, 1029.)

The trial court denied appellant's motion to dismiss or reduce the section 12022.53, subdivision (d) firearm enhancement because it found "to do so would endanger public safety as [appellant] shot not only one person, but two." As explained above, appellate counsel objected and reminded the court that appellant did not shoot the second victim. The court corrected its error and stated that appellant shot at the second victim but that person was not wounded. In response to appellant's personal request to further reduce his sentence, the court stated it had dismissed the personal use firearm enhancement imposed for count 6, "when you shot at that man," but it did not dismiss the personal discharge firearm enhancement for count 1, attempted murder, when he "actually shot the lady." The court's findings are supported by the record and it did not abuse its discretion.

## B. Senate Bill 620

At the time of defendant's sentencing hearing, the imposition of a firearm enhancement under section 12022.53, subdivision (d) was previously mandatory and could not be stricken in the interests of justice pursuant to section 1385 or any other provision of law. Effective January 1, 2018, section 12022.53 was amended by Senate Bill 620 to give discretion to the trial court to strike firearm enhancements. (*People v. Baltazar* (2020) 57 Cal.App.5th 334, 337; *People v. Zamora* (2019) 35 Cal.App.5th 200, 208.) The court also has discretion to impose a lesser uncharged enhancement under subdivision (b) or subdivision (c) of section 12022.53. (*People v. Tirado* (2022) 12 Cal.5th 688, 692.)

The trial court was aware of its discretion to reduce or dismiss the personal discharge enhancement. It did not abuse its discretion when it denied appellant's motion because it found he shot the first victim multiple times.

14.

## C.  Assembly Bill 518

Also at the time of appellant's sentencing hearing, "the sentencing court was required to impose the sentence that 'provides for the longest potential term of imprisonment' and stay execution of the other term." (*People v. Mani* (2022) 74 Cal.App.5th 343, 379.)  Assembly Bill 518 amended section 654 to provide the trial court with discretion "to impose and execute the sentence of either term, which could result in the trial court imposing and executing the shorter sentence rather than the longer sentence." (*Mani*, at p. 379.)  The court stayed the sentences imposed for counts 3 and 4. The court did not make any findings, and appellant has not shown, that the other counts were subject to section 654.

## D.  Assembly Bill 600

Assembly Bill 600 became effective on January 1, 2024, and amended section 1172.1 to allow a trial court, on its own motion, to recall and resentence a defendant "at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law …." (§ 1172.1 subd. (a)(1); *People v. Codinha* (2023) 92 Cal.App.5th 976, 983−985, 986−987.)  The trial court already recalled appellant's sentence to dismiss the now-invalid prior prison term enhancements, and it conducted a full resentencing hearing.

### DISPOSITION

The trial court's resentencing order of November 9, 2023, is affirmed.